IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROGER LAVOY DODD | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv131 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roger Lavoy Dodd, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On April 26, 2016, following a plea of guilty before the 145th District Court for Nacogdoches County, Texas, petitioner was convicted of attempted burglary of a habitation and sentenced to a term of imprisonment for five years. Petitioner did not appeal his conviction or sentence.

Petitioner filed his first state application for writ of habeas corpus on March 29, 2017. The petition was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 24, 2017.

The Petition

Petitioner filed this petition for writ of habeas corpus asserting the following grounds for relief: (1) he was wrongfully and arbitrarily arrested without probable cause or a warrant; (2) the evidence was insufficient to sustain his conviction because he had "residential rights at th[e] address" of the attempted burglary; (3) trial counsel provided ineffective assistance by failing to: (a) preserve and present evidence at trial; (b) cross-examine the state's witnesses; (c) subpoena

witnesses; and (d) ask for dismissal; (4) excessive force was used against him, money is missing from his prisoner account, and he has been improperly denied privileges while in custody; and (5) he was convicted as the result of a wrongful search and seizure.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the respondent asserts that the petition should be denied and dismissed with prejudice.

## Factual Background

In the Indictment, petitioner was charged with the following:

> Roger Lavoy Dodd, hereinafter styled Defendant, on or about the 4th day of August 2015, and before the presentment of this indictment, in the County and State aforesaid, did then and there, with the specific intent to commit the offense of Burglary of a Habitation of Sherry Dodd, do an act, to-wit: trespassed on property, unscrewed lightbulb and attempted to cut the phone line, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended;
>
> And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 11th day of January, 1990, in cause number 11,447-80-7 in the 145th Judicial District Court of Nacogdoches County, Texas, the defendant was finally convicted of the felony offense of Escape;
>
> And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number 11, 447-80-7 was final, the defendant committed the felony offense of Failure to Comply with Sex Offender Registration and was finally convicted on the 7th day of April, 2003, in cause number 889698 in the 263rd Judicial District Court of Harris County, Texas.

SHCR WR-19,667-13 (Dok 13-25 at 6).

<u>State Court Findings and Conclusions</u>

On state habeas review, the state court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Applicant complains that the trial judge denied his right to appeal his case. The Applicant was in the middle of a jury trial when he decided to take a five-year sentence to avoid the possibility of being found guilty and looking at serving anywhere between twenty-five to ninety-nine years in prison. During the required admonishments the trial judge informed the Applicant that he was giving up his right of appeal. Attached as Exhibit 1. It is a copy of his plea papers. Three times in the Exhibit 1 he acknowledges that he knowingly waived his right of appeal. He also acknowledged giving up this right on the record.

2. In Ground Two he complains that he did not understand the charge against him. However, he perfectly understood the charge against him. He acknowledged on the record that he did. In Point One of the first page of the plea papers he acknowledged that he understood the nature of the charges against him.

3. In Ground Three he complains that there was an arbitrary arrest of him at the scene of the crime. This would be a matter to take up on appeal. However, the Applicant waived such right to appeal.

4. In Ground Four he complains that the law enforcement officers illegally searched through his 1992 SUV. He also complains that their actions constituted theft. This is a moot point because as part of his plea bargain he signed a document agreeing for the forfeiture of the property in evidence. While he claims the vehicle was his, he also admits that it was registered to someone else.

5. In Ground Five he complains that the Sheriff's Office stole the money in his account at the jail. Attached as Exhibit 3. It is the computer printout from the jail detailing what the Applicant received and what he spent from his account. It details what he spent on his commissary items, phone time, and legal mail. There is no indication that the funds were somehow funneled to the Sheriff's Office. At the end of his stay he actually owed money to the Sheriff s Office.

6. In Ground Six he complains that it was a theft of state funds that his trial attorney, Dan Simmons, was appointed rather than being retained by the Applicant. As explained in the affidavit of Mr. Simmons (marked as Exhibit 2), he told the Applicant that he did not have enough money to retain him. Therefore, he needed Mr. Simmons as his court appointed attorney.

### CONCLUSIONS OF LAW

1. The Applicant's complaint that he was denied his right to appeal has no merit. He clearly gave up that right on the record and in his plea papers.

2. As to Ground Two, the Applicant's complaint about not understanding the charge against him has no merit. He stated on the record that he understood, and his

>    plea papers had three places where it stated that he was giving up his right to appeal. One of the three places required his initials beside the statement that he was giving up his right.
>
>    3.   He complains in ground three about an arbitrary arrest. This would have been a matter for an appeal. He gave up that right when he waived such right.
>
>    4.   ln Ground Four he complains that the law enforcement officers searched and stole his 1992 SUV. Any such complaint is waived due to the plea bargain. In the plea papers he waives any appeal and he agreed to the forfeiture of any property in evidence.
>
>    5.   He complains in ground five that the Sheriffs Office stole money from his account at the jail. Even assuming that was true it has no relevance with this case. Therefore he has no cognizable right to complain using the writ of habeas corpus.
>
>    6.   In Ground Six he complains that the appointment of his attorney was a theft of state funds. The fact that the Applicant was indigent entitled him to a court appointed attorney. The fact that state funds were used to pay the attorney was not theft.

SHCR WR-19,667-13 (Dok 13-26 at 10-11). The Texas Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus without written order based on the findings of the trial court.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal

habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full

and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

## Analysis

I.  *Search and Seizure*

In his first ground, petitioner contends he was wrongfully and arbitrarily arrested without probable cause or a warrant. Additionally, in his fifth ground, petitioner asserts he was convicted as the result of a wrongful search and seizure.

The respondent contends petitioner's grounds are barred from federal habeas review. The respondent contends both grounds are premised on the Fourth Amendment and are barred by *Stone v. Powell*, 428 U.S. 465 (1976). Further, the respondent contends the claims are waived by petitioner's plea of guilty.

In *Stone v. Powell*, 428 U.S. at 494-95, the Supreme Court held that state prisoners collaterally attacking their convictions under 28 U.S.C. § 2254 cannot obtain relief for violations of the Fourth Amendment when the prisoner was provided a full and fair opportunity to litigate Fourth Amendment issues in the state courts. Interpreting the "full-and-fair-opportunity" requirement, the Fifth Circuit has stated that when a defendant failed to raise his Fourth Amendment claim at trial, *Stone* precludes habeas relief on Fourth Amendment grounds. *See Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("An 'opportunity for full and fair litigation' means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.").

Here, petitioner had the opportunity to challenge his search and subsequent arrest at trial in state court. However, during his trial by jury, petitioner decided to plead guilty. Accordingly, petitioner was provided an opportunity to obtain full and fair litigation of his fourth amendment claims, but he chose to plead guilty. Accordingly, petitioner is now foreclosed from litigating his

claims in this action. Further, as discussed below, petitioner waived the right for this court to consider his claims as a result of his voluntary plea of guilty in the state court proceedings.

Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's grounds for relief should be denied and dismissed.

II.     Guilty Plea

In this case, petitioner pleaded guilty to the charge against him. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266. Thus, after a plea of guilty in open court, the defendant may only attack the voluntary and intelligent character of the guilty plea by showing the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." *Id.*

A federal court will uphold a guilty plea or a plea of *nolo contendere* in a habeas corpus proceeding if the plea was entered knowingly, voluntarily, and intelligently. *See Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). For a plea to be intelligently and knowingly entered, the defendant must understand both the true nature of the charge against him and the consequences of the plea. *United States v. Briggs,* 939 F.2d 222, 227 (5th Cir. 1991).

When determining whether a plea was voluntary and intelligent the critical issue is "whether the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect." *James*, 56 F.3d at 666. "As long as the defendant understands the length of time he might possibly receive, he is fully aware of the consequences of his plea." *Spinelli v. Collins,* 992 F.2d 559, 561 (5th Cir. 1993). When "a

defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review." *Diaz v. Martin,* 718 F.2d 1372, 1376-77 (5th Cir. 1983).

On habeas review, the state court made the following findings and conclusions:

### FINDINGS OF FACT

1.  The Applicant complains that the trial judge denied his right to appeal his case. The Applicant was in the middle of a jury trial when he decided to take a five-year sentence to avoid the possibility of being found guilty and looking at serving anywhere between twenty-five to ninety-nine years in prison. During the required admonishments the trial judge informed the Applicant that he was giving up his right of appeal. Attached as Exhibit 1. It is a copy of his plea papers. Three times in the Exhibit 1 he acknowledges that he knowingly waived his right of appeal. He also acknowledged giving up this right on the record.

2.  In Ground Two he complains that he did not understand the charge against him. However, he perfectly understood the charge against him. He acknowledged on the record that he did. In Point One of the first page of the plea papers he acknowledged that he understood the nature of the charges against him.

3.  In Ground Three he complains that there was an arbitrary arrest of him at the scene of the crime. This would be a matter to take up on appeal. However, the Applicant waived such right to appeal.

4.  In Ground Four he complains that the law enforcement officers illegally searched through his 1992 SUV. He also complains that their actions constituted theft. This is a moot point because as part of his plea bargain he signed a document agreeing for the forfeiture of the property in evidence. While he claims the vehicle was his, he also admits that it was registered to someone else.

5.  In Ground Five he complains that the Sheriff's Office stole the money in his account at the jail. Attached as Exhibit 3. It is the computer printout from the jail detailing what the Applicant received and what he spent from his account. It details what he spent on his commissary items, phone time, and legal mail. There is no indication that the funds were somehow funneled to the Sheriff's Office. At the end of his stay he actually owed money to the Sheriff's Office.

6.  In Ground Six he complains that it was a theft of state funds that his trial attorney, Dan Simmons, was appointed rather than being retained by the Applicant. As explained in the affidavit of Mr. Simmons (marked as Exhibit 2), he told the Applicant that he did not have enough money to retain him. Therefore, he needed Mr. Simmons as his court appointed attorney.

### CONCLUSIONS OF LAW

1.  The Applicant's complaint that he was denied his right to appeal has no merit. He clearly gave up that right on the record and in his plea papers.

      2.      As to Ground Two, the Applicant's complaint about not understanding the charge against him has no merit. He stated on the record that he understood, and his plea papers had three places where it stated that he was giving up his right to appeal. One of the three places required his initials beside the statement that he was giving up his right.

      3.      He complains in ground three about an arbitrary arrest. This would have been a matter for an appeal. He gave up that right when he waived such right.

      4.      ln Ground Four he complains that the law enforcement officers searched and stole his 1992 SUV. Any such complaint is waived due to the plea bargain. In the plea papers he waives any appeal and he agreed to the forfeiture of any property in evidence.

      5.      He complains in ground five that the Sheriffs Office stole money from his account at the jail. Even assuming that was true it has no relevance with this case. Therefore he has no cognizable right to complain using the writ of habeas corpus.

      6.      In Ground Six he complains that the appointment of his attorney was a theft of state funds. The fact that the Applicant was indigent entitled him to a court appointed attorney. The fact that state funds were used to pay the attorney was not theft.

SHCR WR-19,667-13 (Dok 13-26 at 10-11).

A review of the record reveals petitioner signed written admonishments acknowledging his understanding of the charge against him and the range of punishment he faced. Petitioner also affirmed that he understood his rights associated with trial and was willingly waiving those rights. Additionally, petitioner signed a written plea agreement in this case. Petitioner was subsequently found guilty and sentenced in accordance with the plea agreement.

"'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the plea. *Id.* "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may

only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [applicable] standards...." *Tollett*, 411 U.S. at 267.

In light of the statements in the written admonishments, the plea agreement petitioner signed, and the statements made on the record, it cannot be concluded that his plea was involuntary. The record demonstrates petitioner was aware of the charges against him and understood what punishment could be imposed if his plea was accepted. As a result, petitioner's plea was knowing, voluntary and intelligent. Consequently, petitioner has waived all nonjurisdictional derivations that occurred prior to the guilty plea. Thus, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived and should be dismissed. Petitioner has failed to satisfy his burden of proof regarding the state court's findings and conclusions regarding the voluntariness of his plea. Accordingly, petitioner's claims are waived by his plea of guilty.

Further, to the extent petitioner's remaining claims do not contest the fact or duration of his confinement, such claims do not serve as a basis for habeas corpus relief. Accordingly, the claims should be denied.

The Texas Court of Criminal Appeals rejected petitioner's claims on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding his claim and has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's performance was constitutional or that his plea of guilty was voluntary. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's grounds for relief should be denied and dismissed.

Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 22nd day of July, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE