|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ROGER LAVOY DODD, §
§
     Petitioner, §
§
versus                                        §      CIVIL ACTION NO. 9:17-CV-131
§
DIRECTOR, TDCJ-CID, §
§
     Respondent. §

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

     Petitioner Roger Lavoy Dodd, an inmate confined at the Duncan Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     The court referred this matter to a United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge recommends dismissing and denying the petition.[1]

     The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.[2]

     The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes petitioner's objections are without merit.  To the extent any of petitioner's ineffective assistance claims were not waived by his plea of guilty, petitioner's claims are refuted by the record and trial counsel or are conclusory.  Petitioner has failed to show trial counsel's actions led him to plead

---

[1] Petitioner's claims which do not contest the fact or duration of his confinement were subsequently severed from this petition into a separate civil rights action to avoid any such claims from potentially being barred by the statute of limitations if petitioner had re-filed the claims on his own accord.  Petitioner's severed civil rights claims are now pending before the court as Civil Action No. 9:23cv117, styled *Dodd v. Director, TDCJ-CID*.

[2] Petitioner also filed a second set of objections (#39).  The objections, however, pertain to a report recommending dismissal for want of prosecution which was entered in petitioner's civil rights action instead of this action.  To the extent such objections may be liberally interpreted to apply to this action, the objections are without merit.

guilty without a full understanding of the nature and consequences of his plea or the charge against him.  Further, petitioner has not shown that but for counsel's alleged errors he would not have pleaded guilty and would have insisted on continuing with his trial.

The presumption of correctness afforded to state court findings applies to both implicit and explicit factual findings.  *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").  Petitioner has failed to show a violation of his constitutional rights.  Further, petitioner has failed to satisfy his burden of proof of rebutting the presumption of correctness afforded the state court's explicit and implicit findings that counsel's conduct was constitutional by clear and convincing evidence, nor has he shown prejudice.

Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to

appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 12th day of October, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE